pcv

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARLENE J. MURRAY, SHAWN PHILLIPS and MARK NOLTE, | )<br>)<br>) No. 06 C 6509<br>) |
| Plaintiffs, | )<br>) Judge John W. Darrah |
| v. | )<br>) |
| C.H. ROBINSON WORLDWIDE, INC., | )<br>) |
| Defendant. | ) |
| RICHELLE MAKI, SARAH H. SNEERINGER, ARCHIE DEACON, TRAVIS S. EDLEMAN, WILLIAM J. MACKIEWICZ and SEAN A. SMITH, | )<br>)<br>)<br>) No. 06 C 6557 |
| Plaintiffs, | )<br>) Judge John W. Darrah |
| v. | )<br>) |
| C.H. ROBINSON WORLDWIDE, INC., | )<br>) |
| Defendant. | ) |
| CHRISTINA M. DOTO, GERALYNN M. GIOTTA and JAY C. RZEPINSKI, | )<br>)<br>) |
| Plaintiffs, | ) No. 06 C 6631<br>) |
| v. | ) Judge John W. Darrah<br>) |
| C.H. ROBINSON WORLDWIDE, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed multiple suits against Defendant, C.H. Robinson Worldwide, Inc., alleging they were misclassified as exempt employees under the Fair Labor Standards Act and are owed

overtime pay. Presently before the Court are Defendant's Motions to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

Plaintiffs were opt-in members of a putative class of FLSA claimants that was conditionally certified in the United States District Court for the District of Minnesota. On September 26, 2006, Judge Joan Ericksen of the United States District Court for the District of Minnesota decertified the punative class and dismissed the opt-in claimants, including the present Plaintiffs, from the lawsuit without prejudice. Subsequently, hundreds of the opt-in claimants from the Minnesota case, including the present Plaintiffs, filed new FLSA lawsuits against Defendant, either individually or with others. Fourteen lawsuits were filed in Minnesota, and eighty-eight lawsuits were filed in the Northern District of Illinois.

Defendant is a transportation logistics company headquartered in Eden Prairie, Minnesota. Defendant has more than 157 branches located throughout the United States. Each branch has a Branch Manager that is responsible for determining whether an employee at that branch is paid on a salaried or hourly basis and whether employees are classified as exempt under the FLSA. These assessments are made upon the employee's initial hiring as well as on an ongoing basis when employees are transferred or promoted.

Plaintiffs in Case No. 06 C 6509 – Arlene J. Murray, Shawn Phillips, and Mark Nolte – were employed by Defendant at the branch office in Coralville, Iowa. Plaintiffs in Case No. 06 C 6557 – Richelle Maki, Sarah H. Sneeringer, Archie Deacon, Travis S. Edlemen, William J. Mackiewicz, and Sean A. Smith – were employed by Defendant at the branch office in Valley Forge, Pennsylvania. Plaintiffs in Case No. 06 C 6631 – Christina M. Doto,

Geralynn M. Giotta, and Jay C. Rzepinski – were employed by Defendant at the branch office in Secaucus, New Jersey.

## ANALYSIS

Plaintiffs make general arguments against transfer of the lawsuits. First, Plaintiffs argue that the Court should stay ruling on the instant motions because a motion to consolidate these cases with other re-filed actions is presently pending in this district before Judge Amy St. Eve. However, Judge St. Eve has denied the motion to consolidate (and also transferred other cases pending before her to the district court where the plaintiffs in those cases were employed).

Plaintiffs also argue that the Court should stay ruling on the instant motions because they intend to file a petition with the Multi-District Litigation ("MDL") Panel. However, no petition has been filed; and a ruling on the instant motions will not alter any subsequent petition or ruling by the MDL Panel.

Lastly, Plaintiffs argue that if the cases are going to be transferred, they should be transferred back to the District of Minnesota because the judges in that district are familiar with the cases and discovery and pretrial proceedings could be coordinated within that court. However, other than Minnesota being the home of Defendant's headquarters and the location of the previous litigation, the instant cases have no relationship or ties with Minnesota. Accordingly, a transfer to Minnesota is not appropriate.

Defendant seeks to have the causes of action transferred to the United States District Court's of the respective state in which the Plaintiffs for that cause of action were employed – Case No. 06 C 6509 to the Southern District of Iowa; Case No. 06 C 6557 to the Eastern District of Pennsylvania; and Case No. 06 C 6631 to the District of New Jersey.

3

Where a suit is filed with proper venue, a federal district court may "for the convenience of the parties and witnesses, [and] in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F. 2d 217, 219 (7th Cir. 1986) (*Coffey*). Although § 1404(a) limits consideration for transfer to three factors – convenience of the parties, convenience of the witnesses, and the interest of justice – district courts have broad discretion in the interpretation and weighing of these factors, which serve more as guideposts for analysis than as rigid requirements. *See Coffey*, 796 F. 2d at 719-20; *Chicago R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.), *cert denied*, 350 U.S. 822 (1955); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (*Van Dusen*). A lesser showing of inconvenience is required under § 1404(a) than under the traditional doctrine of *forum non conveniens*. *Coffey*, 796 F.2d at 220; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). The movant bears the burden of establishing, by reference to particular circumstances, that the alternative forum is clearly more convenient. *Coffey*, 796 F. 2d at 219-20.

### Convenience of the Parties

In evaluating convenience of the parties, the district court considers five factors: (1) plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses to be called to testify in the case; and (5) the convenience of the parties themselves. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001) (*Plotkin*); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D.

4

Ill. 2000) (*Amoco*); *also see Georgouse v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997); *APV North America, Inc. v. Transindustrial Development Corp.*, 2006 WL 51169 *1, *4 (N.D. Ill. 2006) (*APV*).

### Plaintiff's Choice of Forum

The plaintiff's choice of forum is generally entitled to substantial weight, especially when it is the plaintiff's home forum. *Plotkin*, 168 F. Supp. 2d at 902; *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995) (*Vendeveld*). However, where the plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim or is not the plaintiff's home forum, the deference traditionally given to that selection is lessened. *Plotkin*, 168 F. Supp. 2d at 902; *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 831 (N.D. Ill.1999); *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995); *APV*, 2006 WL 51169 at *5.

In the instant cases, none of the Plaintiffs reside in the Northern District of Illinois nor do Plaintiffs' claims arise out of activities that took place in Illinois. Accordingly, deference to Plaintiffs' choice of forum is greatly reduced.

### Situs of Material Events

Plaintiffs' claims arise out of events that took place in the Defendant's branch offices in Iowa, Pennsylvania, and New Jersey; therefore, this factor weighs in favor of a transfer.

### Relative Ease of Access to Sources of Proof

The documentary proof in the instant cases is at the branch offices for each of the respective cases. Accordingly, this factor weighs in favor of a transfer.

<u>Convenience of the Witnesses</u>

The witnesses in the instant cases are located in or near the state for each of the branch offices. Accordingly, this factor weighs in favor of a transfer.

<u>Convenience of the Parties Themselves</u>

When considering the inconvenience to the parties themselves, the court may consider where the parties reside and their respective abilities to bear the expense of trial in a particular forum. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1130 (N.D. Ill. 1989); *APV*, 2006 WL 51169 at *6. The Plaintiffs in the instant cases reside in or near the state for each of the branch offices. While Defendant is headquartered in Minnesota, the branch offices that are at the center of each case are located in the state for each branch location – none of which are in Illinois. Therefore, this factor weighs in favor of a transfer.

**Interest of Justice**

In addition to considering the convenience of the parties, witnesses, and evidence in relation to the proposed forum and the present forum, the court must also consider which forum best serves "the interest of justice." *Coffey*, 796 F. 2d at 220; *Van Dusen*, 376 U.S. at 625. The interest of justice rubric focuses on the efficient administration of the courts, not the merit of the underlying dispute. *Coffey*, 796 F. 2d at 221; *Plotkin*, 168 F. Supp. 2d at 904. This analysis also includes considerations such as "(1) the speed at which a case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at issue, and (4) the desirability of resolving controversies in their locale. *Plotkin*, 168 F. Supp. 2d at 904; *APV*, 2006 WL 51169 at *6; *see Macedo v. Boeing Co.*, 693 F. 2d 683, 690 (7th Cir. 1982) (discussing public interest factors of transfer analysis). Even where the convenience of

6

the parties and witnesses may call for a different result, the "interest of justice" component may be determinative in particular cases. *Coffey*, 796 F. 2d at 220; *see e.g., Lemke v. St. Margaret Hosp.*, 593 F. Supp. 25 (N.D. Ill. 1983).

### Speed at Which the Case Will Proceed to Trial

The two most relevant statistics for this determination are (1) the median number of months from filing to disposition for civil cases and (2) the median number of months from filing to trial for civil cases. *Plotkin*, 168 F. Supp. 2d at 904; *Amoco*, 90 F. Supp. 2d at 962. For the period ending September 30, 2006, the median time from filing to disposition for civil cases was 6.9 months in the Northern District of Illinois and 10.9 months in the Southern District of Iowa, 1.0 months in the Eastern District of Pennsylvania, and 7.3 months in the District of New Jersey. *See* Admin. Office of the U.S. Courts, FEDERAL COURT MANAGEMENT STATISTICS (2005), *available at* http://www.uscourts.gov/cgi-bin/cmsd2005.pl. The median time from filing to trial for civil cases was 27.0 months in the Northern District Court of Illinois and 19.0 months in the Southern District of Iowa, 20.8 months in the Eastern District of Pennsylvania, and 36.7 months in the District of New Jersey. These figures indicate that the case would progress at about the same rate in either respective district; therefore, this factor is neutral. *See Pollock v. Boss Industries, Inc.*, No. 05 C 4978, 2006 WL 488687, at *3 (N.D. Ill. Feb. 24, 2006), *citing Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *3 (N.D. Ill. Mar. 22, 2004) (stating that a gap of two-and-a-half months will not greatly affect the speed at which the case can proceed to trial).

### Court's Familiarity with the Applicable Law

Plaintiffs' claims are brought entirely under federal law; thus, familiarity with the applicable law is a neutral factor in this transfer decision.

7

Relation of the Community to the Occurrence and Its Interest in Resolving the Dispute

The citizens of the Northern District of Illinois have no relationship for the instant disputes, all of which occurred outside of Illinois. On the other hand, the citizens of the states of the respective branch offices have an interest in businesses within their states. Accordingly, this factor weighs in favor of a transfer.

## CONCLUSION

In light of all the factors discussed above, Defendant's Motions to Transfer Venue are granted. Case No. 06 C 6509 is transferred to the Southern District of Iowa; Case No. 06 C 6557 is transferred to the Eastern District of Pennsylvania; and Case No. 06 C 6631 is transferred to the District of New Jersey.

Date: March 14, 2007

JOHN W. DARRAH
Unites States District Court Judge